


USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 6-1-09

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHINESE AUTOMOBILE DISTRIBUTORS OF AMERICA, LLC, a limited liability company, individually and, with respect to certain claims, in a derivative capacity,<br><br>Plaintiff,<br><br>v.<br><br>MALCOLM BRICKLIN, and individual; JONATHAN BRICKLIN, and individual; BARBARA BRICKLIN JONAS, an individual; MICHAEL JONAS, an individual; SANIA TEYMENY, an individual; SCOTT GILDEA, an individual; and VISIONARY VEHICLES, LLC, a limited liability company;<br><br>Defendants. | Civil Action No. 07-cv-4113 (LLS)<br>ECF Case |

## PROTECTIVE ORDER

This matter having come before the Court on the foregoing Stipulation of the parties, and the Court having reviewed said Stipulation and otherwise being fully advised in the premises:

IT IS HEREBY ORDERED that the terms of the foregoing Stipulation shall be *as amended in Par. 2.5,* and hereby are adopted as the Order of this Court and shall be complied with by all named parties in this action, as well as those other persons coming within the provisions thereof.

LLS

_Louis L. Stanton_
Honorable Louis L. Stanton
U.S. District Court Judge
5/29/09

Stanton J

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHINESE AUTOMOBILE DISTRIBUTORS OF AMERICA, LLC, a limited liability company, individually and, with respect to certain claims, in a derivative capacity,<br><br>Plaintiff,<br><br>v.<br><br>MALCOLM BRICKLIN, and individual; JONATHAN BRICKLIN, and individual; BARBARA BRICKLIN JONAS, an individual; MICHAEL JONAS, an individual; SANIA TEYMENY, an individual; SCOTT GILDEA, an individual; and VISIONARY VEHICLES, LLC, a limited liability company;<br><br>Defendants. | Civil Action No. 07-cv-4113 (LLS)<br>ECF Case |

## STIPULATION AND PROTECTIVE ORDER

The parties hereby stipulate and Agree that a Protective Order may be entered in this civil action, containing the following provisions:

### 1.0    DEFINITIONS.

1.1.    **"Affiliates"** shall mean (i) all divisions, subsidiaries (wholly owned or substantially controlled) and parent corporations of a corporate entity; and (ii) all other entities of any kind or nature which are substantially owned or controlled by or are under common ownership with a person or entity.

RL1 768951v3 04/28/09

1.2. **"Confidential Information"** shall mean and include:

(a) the following **"Proprietary Information:"** information both (i) related to a Party's operating, marketing or other business plans, surveys, trends or strategies, pricing of products or services, financial affairs, product designs, product specifications, product drawings incorporating designs, specifications or functional descriptions, or other matters not generally available to others in the Producing Party's industry and which was not within the possession of the Receiving Party prior to production by the Producing Party; and (ii) designated as proprietary or confidential by the Providing Party in writing (or by a "confidential" or similar stamp or mark on any Document relating to such information in whole or in part) or so designated on the record of any transcribed proceedings;

(b) the following **"Personal Information:"** personal information concerning an individual that is ordinarily considered private or confidential in nature and so designated by the Providing Party and/or the party who is the subject of the private or confidential information prior to or at the time the same is provided, such as wages and fringe benefits for employment, medical history, tax returns, etc. Such information, to the extent contained in Filings, shall

constitute Confidential Information unless otherwise designated by the Producing Party at the time of filing or as thereafter determined by the Court.

1.3. **"Civil Action"** means the above-captioned civil action and all other civil actions related thereto.

1.4. **"Confidentiality Undertaking"** shall mean an assumption of obligations to abide by the provisions of this Stipulation and Protective Order in a form substantially equivalent to that attached hereto as an Addendum.

1.5. **"Counsel"** shall mean the attorneys and law firms of record for a named party to this action, as well as persons "of counsel" and others regularly employed or associated with such attorneys or law firms, past or present.

1.6. **"Consultants"** shall mean accountants, consultants, experts and advisors engaged by a Receiving Party or its Counsel with respect to the Proceedings, provided such persons do not constitute and are not then employed (in a capacity other than as an independent financial, accounting or economic consultant) by a competitor of the Producing Party and the fact of such competitive status is reasonably known to the Receiving Party or its Counsel.

1.7. **"Discovery Responses"** shall mean all Documents produced, answers to interrogatories, deposition testimony and other information produced by or on behalf of any Producing Party in response to discovery previously or hereafter conducted in these Proceedings.

1.8. **"Document"** shall mean any data or material supplied by a Producing Party or its Personnel or Counsel to a Receiving Party or its Counsel regardless of whether in written, electronic, photographic, or other form.

1.9. **"Filings"** shall mean pleadings, briefs, motions, and other filings with the Court or opposing Counsel in these Proceedings.

1.10.  **"Holder"** shall mean the holder of any Confidential Information, including (without limitation) any Receiving Party, its Personnel, Counsel, Consultants and Affiliates of any of the foregoing, as well as any other person or entity who has obtained such Confidential Information through (i) the Court, (ii) the Receiving Party or its Personnel, Counsel, Consultants or Affiliates, or (iii) otherwise.

1.11.  **"Personnel"** shall mean, with respect to any legal entity, all officers, directors, employees, agents, partners, and other persons, past and present, under direction or control of such entity.

1.12.  **"Parties"** means the parties to this civil action.

1.13.  **"Proceedings"** means all civil proceedings brought by one of the Parties in this civil action or any other civil action, including Visionary Vehicles, LLC v. David B. Rothrock, et al., Index No. 602163/07, pending in the Supreme Court of the State of New York for the County of New York.

1.14.  **"Producing Party"** shall mean a named party or witness in this action who/which produces Confidential Information about itself or its past or present directors, members, shareholders, officers, agents, employees, partners, contractors, clients, customers, or business associates, either directly or indirectly through its Counsel or otherwise.

1.15.  **"Protective Order," "Order," or "Stipulation and Order"** when referring to this document shall be synonymous with and shall mean this Stipulation and the resulting Order of the Court, (or any Court with jurisdiction over a Producing Party), entered pursuant to this Stipulation.

1.16. **"Receiving Party"** shall mean any named party to this action to whom Confidential Information is disclosed in any form or fashion, and all of its Affiliates.

1.17. **"Voluntary Discovery"** shall mean all information or documents voluntarily provided by one party to this litigation to any other party to this litigation.

## 2.0  SCOPE & USE RESTRICTIONS.

2.1. **Scope**. This Protective Order shall govern the disclosure and use of Confidential Information which is contained in or produced, utilized, or otherwise disclosed in conjunction with any Discovery Responses, Voluntary Discovery, Filings, or other proceedings in this matter, (including, but not limited to, deposition proceedings and responses to document subpoenas involving third-party witnesses).

2.2. **Notification of Third-Parties of Existence of Order**. In the event any party shall serve a subpoena, deposition notice, or discovery request on any third-party in this matter, the party serving the subpoena, deposition notice, or discovery request shall inform the third- party of the existence of this Protective Order and shall serve a copy of this Protective Order on the third-party along with the subpoena, deposition notice, or discovery request.

2.3. **Use for Current Case**. Confidential Information shall not be disclosed or used by any Receiving Party or other Holder for any purpose, except in connection with these Proceedings or related proceedings; however, under no circumstances shall there be any presumption that Confidential Information has been improperly used. Nothing in this Protective Order shall affect the right of a Receiving Party's Counsel to use Confidential Information, (contained in Documents, deposition transcripts, Discovery

Responses or otherwise), in support of any motion or at any hearing (including but not limited to, case evaluation, facilitation, etc.) or trial in these Proceedings or related proceedings except as may be limited by further protective order concerning such use as the parties may agree or as the Court may order.

2.4. **Approved Holders of Confidential Information.** Confidential Information shall not be disclosed by a Holder to any person or entity other than the following, (an "**Approved Holder**"):

(i) the Receiving Party, their Counsel and the parties to this lawsuit;

(ii) consultants who, prior to or concurrently with the receipt of such Confidential Information, have been provided with a copy of this Order;

(iii) the Court and its Personnel;

(iv) in the event it is necessary to disclose any confidential information or document to any third party, then as a condition to disclosure, the third party recipient must acknowledge and agree to the terms herein, in writing, and prior to disclosure.

(v) deponents or other witnesses, subject to paragraph 2.6 below; and

(vi) other persons as permitted by the terms of this Protective Order or by subsequent written authorization of the Producing Party or its Counsel or by further Order of this Court.

If the Holder is a corporation or other business entity (or is Counsel for a named party in this action), such Holder shall not distribute or otherwise permit disclosure of the Confidential Information to any of its Personnel (or to its client if Counsel is the Holder), except as reasonably necessary consistent with its ordinary practices or procedures to participate or assist in the prosecution or defense of claims in the Proceedings and then only if such Personnel (or client if Counsel is the Holder), have been provided with a copy of this Order — in which case such client or Personnel shall then be Approved Holders. Notwithstanding any provisions to the contrary, this Protective Order shall not apply to clerical or other administrative Personnel of any Holder who handle Documents for filing, transmission or other processing consistent with normal business practice.

2.5. **Use In Depositions and Trial.** If any Confidential Information is used at depositions ~~conducted~~, all portions of the deposition transcript and exhibits thereto that refer or relate to such Confidential Information shall be treated as confidential, and the party introducing such Confidential Information shall make arrangements with the reporter to bind the confidential portion of the transcript and/or exhibit separately and label it "Confidential." In addition, the deponent or other witness shall be advised that, pursuant to the Protective Order, he or she may not divulge any such Confidential Information and/or the contents thereof except to the Court and its officers or counsel of record. The Court shall consider any request to limit attendance at any deposition or at trial on as as-needed basis and in conference. Any portion of the deposition or trial transcript marked "Confidential" that is filed with the Court shall be filed in a sealed envelope or other appropriate sealed container, on which shall be endorsed the title of this

action, the word "CONFIDENTIAL," and a statement substantially in the following form:

> This envelope is sealed pursuant to order of the Court and contains information designated as confidential in this action and is not to be opened, nor are the contents hereof to be displayed or revealed, except by order of the Court or pursuant to stipulation of the parties to this action.

Such sealed envelopes or containers shall not be opened, nor shall any confidential transcript be removed therefrom, without further order of the Court except by any Approved Holder, who shall return any confidential transcript removed from the Court file to the Clerk in a sealed envelope or container. The Clerk of the Court is hereby directed to maintain such envelopes and containers in a separate portion of the Court files not available to the public.

2.6. **Inadvertent Disclosures**. The inadvertent production of information or documents shall not be deemed a waiver of any applicable privilege or work product rule. Any and all facially privileged or work product materials shall be returned promptly in accordance with ABA Rules of Professional Conduct. Any other inadvertently produced privileged or work product material, not privileged on its face, shall be returned promptly upon the request of the Producing Party unless the claim of privilege or work product is disputed. If the Parties dispute the privileged or work product nature of the material, no use of the material may be made until the dispute is resolved by the Court.

3.0     **PROTECTIVE MEASURES & OBJECTIONS.**

3.1.    **Stamping Documents.** Documents designated or labeled as "confidential," "proprietary" or the like shall be considered Confidential Information unless such Documents are thereafter determined by decision of the Court or written acknowledgment of the Producing Party or its Counsel not to be of sufficient nature and/or content as to warrant protection from disclosure under the terms of this Order. Placement of a stamp or designation at the beginning of a Document shall constitute a designation of the entire Document as subject to the provisions of this Order, unless otherwise indicated in the designation.

3.2.    **Deposition Transcripts.** Whenever deposition testimony of a witness contains Confidential Information, the transcript of such testimony shall be stamped or otherwise so designated to identify that portion of the transcript containing the Confidential Information.

3.3.    **Deposition Attendance.** The Court shall consider any request to limit attendance at depositions of Persons (other than deponents during the course of testimony), who are not Approved Holders on as as-needed basis and in conference.

3.4.    **Objections.** A Receiving Party or its Counsel may object to the designation of particular material or information as Confidential Information by giving written notice to the Producing Party's Counsel, identifying in reasonable detail the information to which such objection relates. If the status of the information is not resolved within five (5) business days after the date such objection is received by the Producing Party's Counsel, it shall be the burden of the Receiving Party to file an

appropriate motion with the Court for an *in camera* determination as to whether such disputed information shall remain subject to this Protective Order. The disputed material shall remain Confidential Information for purposes of this Protective Order until the Court rules on the Receiving Party's motion.

3.5. **Filing of Discovery Responses**. Discovery Responses containing Confidential Information, to the extent required to be filed with the Clerk of the Court, shall be so filed under seal and stamped or otherwise so designated and shall not be opened or reviewed by anyone other than the Court or its Personnel without further order of the Court.

3.6. **Treatment of Filings**. Filings containing Confidential Information shall be so stamped or designated at the time of filing with the Clerk of the Court, and such filing shall be under seal and shall not be opened or reviewed by anyone other than the Court or its Personnel without further order of the Court.

3.7. **Use by Court and Legal Staff**. Notwithstanding any contrary provisions of this Protective Order, any Discovery Responses or Filings designated to contain Confidential Information (regardless of whether filed under seal), may be opened and reviewed by the Judge and other legal staff of the Court at any time without further order of the Court; provided that, upon completion of the Court's use thereof, such materials containing Confidential Information shall be resealed to protect against disclosure to or inspection by third-parties.

3.8. **Disposition Upon Termination of Proceedings**. At the conclusion of the Proceedings and expiration of any applicable statute of limitations for possible claims

by any Party against its Counsel related to legal services in the Proceedings, all Documents and copies thereof containing Confidential Information (including, without limitation, copies of Filings and Discovery Responses), within the possession of any Holder (other than the Court), shall either be returned to the Producing Party or destroyed by the Holder. Each Holder shall, within a reasonable period following request, furnish an appropriate certificate to the Producing Party to the effect that: (a) the provisions of this Section have been satisfied with respect to all materials containing Confidential Information within such Holder's possession or control; and (b) the Confidential Information has not been disclosed by such Holder to anyone other than another Approved Holder. Such certification shall also contain an identification of other persons and entities who are known to have received such Confidential Information from the Holder (other than clerical or administrative Personnel who filed or transmitted Documents).

3.9. **Response to Subpoena of Confidential Information Documents.** If any Holder of Confidential Information of a Producing Party is requested, through subpoena or other judicial process, to produce Documents containing or to otherwise disclose such Confidential Information, such Holder shall promptly notify the Producing Party or its Counsel. Unless the Producing Party's Counsel obtains an order precluding or limiting compliance with such judicial process within the time required for the Holder to respond, the Holder shall be free to produce the Confidential Information pursuant to such judicial process. If the Holder knows the Producing Party's Counsel has applied for a protective order, the Holder shall exercise reasonable efforts to withhold production until after a decision is made on the application for such protective order; however, the

Holder shall not be required to subject himself to contempt of court or sanctions in withholding such production during that period.

3.10. **Confidentiality Undertaking**. No person, other than an Approved Holder, shall be permitted to participate in a review of Documents produced in response to a formal or informal discovery request unless such person has first been served with a copy of this Order.

3.11. **Additional Parties To Proceedings**. If any Party is added to this civil action after entry of the Protective Order, such new Party shall not have access to any Confidential Information previously or thereafter produced or held, unless and until the Court enters an order subjecting the new Party to the terms of this Protective Order.

4.0   **DISCLAIMERS**.

4.1. **Counsel Disclaimer**. Under no circumstances shall Counsel for a Receiving Party be personally liable or otherwise responsible for a breach of the provisions of this Protective Order by the Receiving Party or any of its Personnel or Consultants (or by any other Holder) unless such Counsel knowingly participated in, encouraged, or specifically authorized such improper use or disclosure.

4.2. **Receiving Party Disclaimer**. Under no circumstances shall a Receiving Party be personally liable or otherwise responsible for a breach of the provisions of this Protective Order by any of its Personnel, Counsel, Consultants, or any other Holder, unless such Receiving Party knowingly participated in or otherwise authorized or encouraged such improper use or disclosure.

RL1 768951v3 04/28/09

5.0   **MISCELLANEOUS.**

5.1.   **Survival of Provisions.** The terms and provisions of this Protective Order shall survive any settlement, discontinuance, dismissal, judgment, or other disposition of these Proceedings.

5.2.   **Modifications.** This Protective Order may be modified by further Order of the Court upon stipulation by Counsel for all named parties or upon motion duly made.

5.3.   **Personal Jurisdiction.** Each Holder of any Confidential Information submits himself or herself to the jurisdiction of this Court over his or her person, wherever he or she may be, for the enforcement of this Protective Order.

5.4.   **Damages For Violation Of Order.** Any unauthorized use or distribution of Confidential Information in violation of this Protective Order shall subject the person making such unauthorized use or distribution to sanctions for contempt and civil liability, if appropriate.

5.5.   **Binding Effect.** This Stipulation and Order is binding upon the Parties, their Personnel and Counsel and Affiliates, as well as their respective successors, executors, personal representatives, administrators, heirs, legal representatives, and assigns.

5.6.   **Entry of Court Order.** An order incorporating this Stipulation may be entered by the Court in which this case is pending, or by any foreign Court with jurisdiction over a non-party Producing Party, upon application by any Producing Party, without further notice to or consent by any Party. *Party.*   LLS

RL1 768951v3 04/28/09

THE FOREGOING IS HEREBY ACCEPTED by the parties by their respective counsel:

Dated: ~~April~~ May 1, 2009

ADORNO & YOSS, LLP

By: _____

Fred A. Schwartz, Esq.
Attorneys for the Bricklin Defendants,
Sania Teymeny and
Visionary Vehicles, LLC
700 South Federal Highway, Suite 200
Boca Raton, Florida 33432
(561) 393-5660

Dated: April ___, 2009

FOX ROTHSCHILD, LLP

By: _____

Robert J. Rohrberger, Esq.
Attorneys for Plaintiff, CADA
100 Park Avenue, Suite 1500
New York, NY 10017
Telephone: (212) 878-7960

Dated: April ___, 2009

LANDMAN CORSI BALLAINE
& FORD P.C.

By: _____

Stephen Jacobs (SJ 4437)
Attorneys for Defendant, Scott Gildea
120 Broadway, 27th Floor
New York, NY 10271
(212) 238-4800

THE FOREGOING IS HEREBY ACCEPTED by the parties by their respective counsel:

Dated: ~~April~~ May 1, 2009

**ADORNO & YOSS, LLP**

By: _____
Fred A. Schwartz, Esq.
Attorneys for the Bricklin Defendants,
Sania Teymeny and
Visionary Vehicles, LLC
700 South Federal Highway, Suite 200
Boca Raton, Florida 33432
(561) 393-5660

Dated: April ___, 2009

**FOX ROTHSCHILD, LLP**

By: _____
Robert J. Rohrberger, Esq.
Attorneys for Plaintiff, CADA
100 Park Avenue, Suite 1500
New York, NY 10017
Telephone: (212) 878-7960

Dated: ~~April~~ May 22, 2009

**LANDMAN CORSI BALLAINE & FORD P.C.**

By: _____
Stephen Jacobs (SJ 4437)
Attorneys for Defendant, Scott Gildea
120 Broadway, 27th Floor
New York, NY 10271
(212) 238-4800

RL1 768951v3 04/28/09